**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **RHEA ROBINSON,** *Plaintiff,* | ) | **Case No. 22-CV-01867** |
| **v.** | ) | |
| **VILLAGE OF ROBBINS,** *Defendant.* | ) | **JURY TRIAL DEMANDED** |

**COMPLAINT**

Plaintiff, Rhea Robinson, by and through her attorneys, complains of Defendant, the Village of Robbins, as follows.

**NATURE OF ACTION**

1. This is an action brought under Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. §2000e, et seq., under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., as amended, and under Illinois common law to redress sex-based employment discrimination, failure to accommodate disability, disability-based discrimination and retaliation, and retaliatory termination of employment for exercising rights under the Illinois Workers' Compensation Act, 820 ILCS 305/4(h). Plaintiff, a former police officer for the Village of Robbins ("Village"), suffered a disabling injury while pursuing a suspect, fleeing after having shot at another officer. Officer Robinson made repeated requests for accommodations that would have allowed her to keep working. Defendant, however, refused to accommodate her, including refusing to assign her non-patrol work, which it had routinely allowed injured male officers to do. Even though she submitted all medical documentation and ultimately was required to have surgery to attempt to repair the damage, the Village disputed the nature and extent of her injury

and fired her based on that dispute for remaining off work and for insisting on obeying her doctor's restrictions.

**JURISDICTION AND VENUE**

2. Federal question jurisdiction is based upon 28 U.S.C. §1331, 28 U.S.C. §1343(a), Title VII of the Civil Rights Act, 42 U.S.C. §2000e, *et seq.*, the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq*., and supplemental jurisdiction is based upon 28 U.S.C. §1367(a) and 775 ILCS 5/1-101, *et seq*. and 740 ILCS 82/1 *et seq*.

3. Plaintiff has complied with all administrative prerequisites by filing a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), which was cross-filed with the Illinois Department of Human Rights, and by bringing this action within 90 days of receiving a notice of right to sue.

4. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. §1391 because the events giving rise to this action occurred within this judicial district.

**PARTIES**

5. Plaintiff, Rhea Robinson, an individual, ("Officer Robinson"), is a citizen and resident of Cook County, Illinois, and was formerly employed by Defendant as a police officer.

6. Defendant, Village of Robbins, is a municipal entity organized under the constitution and laws of the State of Illinois.

7. At all times relevant hereto, the Village employed more than twenty (20) employees, was engaged in an industry affecting commerce, and was a covered employer under Title VII of the Civil Rights Act and the Americans with Disabilities Act.

## FACTUAL ALLEGATIONS

8. Officer Robinson had been employed by the Village as a police officer since approximately October 2017.

9. Throughout her employment, Officer Robinson performed her job duties in an excellent manner.

10. On or about December of 2019, Officer Robinson suffered a disabling injury to her knee at work while pursuing a suspect, who after opening fire at another police officer, crashed into Officer Robinson's car in an attempt to flee from the crime scene.

11. Her injuries were so significant that an ambulance was called to take her to the emergency room for immediate medical treatment.

12. However, before the ambulance arrived, a male superior officer, Commander Upshaw, arrived on the scene and actually cancelled the ambulance, while strongly discouraging Officer Robinson from getting any medical treatment for her serious injuries.

13. Instead, another officer, Sergeant Pratt, had to personally drive Officer Robinson in his squad car to the hospital to get the much needed medical treatment.

14. In contrast, male officers working for the Village when injured in the line of duty were permitted and encouraged to take an ambulance to the hospital.

15. After finally getting the medical treatment necessary, it was discovered that Officer Robinson had a torn Anterior Cruciate Ligament ("ACL") and torn meniscus that caused her to be unable to perform her regular duties without accommodation.

16. Officer Robinson's disabling injury substantially limited her ability to complete the major life activities of walking, standing, lifting, and bending.

17. Per her doctor's instructions in subsequent follow-up visits, Officer Robinson was put on work restrictions that stopped her from performing her regular patrol duties.

18. Officer Robinson requested that the Village accommodate her injuries and allow her to work non-patrol duties or perform other duties within the doctor ordered restrictions.

19. Following her injury, Plaintiff filed a claim for benefits pursuant to the Illinois Workers' Compensation Act.

20. Originally, the Village refused to accommodate Officer Robinson, telling her she could not work unless she was fully cleared without restrictions.

21. Non-disabled employees, male employees, and employees who were injured off the job were regularly accommodated by the Village and allowed to work with restrictions or assigned non-patrol duties while recovering from injuries.

22. Prior to her serious injury, Officer Robinson was working other secondary jobs with the approval of the Village in her off hours.

23. Even though her injury was significant and required physical restrictions, Officer Robinson was able to continue working these sedentary, secondary jobs consistent with her doctor's restrictions.

24. During this time, the Village disputed her injury to such an extent that it obtained surveillance of her working these sedentary jobs in an effort to undermine her doctor's orders.

25. The Village then, despite her doctor's explicit restrictions, at Deputy Chief Lackland's unambiguous instructions, ordered Officer Robinson back out on patrol; even though she protested, Officer Robinson complied with the order, went back on patrol for one day, and was reinjured, setting back her recovery.

26. As a result of this setback, Officer Robinson's doctor amended his instructions to expressly restrict her to desk duty.

27. Officer Robinson made the reasonable request that she be accommodated with desk duty while her doctor continued to assess her injuries and continued to implement her recovery plan.

28. The Village refused to allow Officer Robinson to work desk duty and instead forced her back onto unpaid medical leave.

29. In contrast, non-disabled employees, male employees, and employees who are injured off the job are regularly allowed to work desk duty and other duties at the office rather than working on patrol while recovering from injuries.

30. For example, one male officer was allowed to work using crutches and a cane and was given desk assignments to accommodate his off-duty injuries. Another male officer was injured while on duty, but he was given a paid leave of absence during his recovery. At least one male employee had to take time off of work due to illness, and he was accommodated and paid during that approved leave. Another male officer was required to have surgery for an off duty injury, and he was given an accommodation to allow him to keep working.

31. Officer Robinson complained to the Village that she felt she was being treated differently than the other officers who had previously been accommodated.

32. During this time period, the Village never provided any explanation as to how Plaintiff's proposed accommodations, that were consistent with her medical restrictions, would pose an undue hardship for Defendant.

33. From the date of her injury, Officer Robinson consistently updated the Village on her doctor's assessments of her injury and his plan for her recovery, and she always provided the

proper medical paperwork from her doctor to the Village with these updates on her current work restrictions.

34. Officer Robinson's doctors determined she must have surgery to repair her knee injury, which surgery occurred on or around May of 2020.

35. On or around this same time period, the Village – again disputing the extent and nature of her injury and hoping to undermine her doctor's restrictions – ordered Officer Robinson to see a doctor of their choosing to assess her injury.

36. Officer Robinson saw their doctor shortly after her surgery, who assessed her injury while it was still in the brace from the surgery that had just occurred.

37. Despite the documentation provided by Officer Robinson's doctors – including the voluminous medical records and doctors' notes provided to the Village from December 2019 through August of 2020 – the Village accused Officer Robinson of lying about her injury and terminated her employment for not returning to work full time months earlier in March, even though she was under doctor's orders not to do so during that time.

38. In contrast, at least one male officer, despite his record of work misconduct – lying about the crashing of a squad car – was not disciplined or terminated.

39. The Village's actions as described above are in direct violation of Title VII of the Civil Rights Act, the Americans with Disabilities Act, as amended, and Illinois common law.

40. As a result of Defendant's unlawful conduct, Plaintiff has lost wages and other benefits; incurred out-of-pocket medical expenses; has suffered financial hardship, emotional distress, embarrassment, and humiliation; has suffered loss of enjoyment of life, inconvenience, and non-pecuniary losses; and her career has been damaged.

**COUNT I**
**SEX DISCRIMINATION AND RETALIATION**
**IN VIOLATION OF TITLE VII**

41. Plaintiff re-alleges paragraphs 1 through 39 and incorporates them as though fully set forth herein.

42. Title VII as amended by the Civil Rights Act of 1991, 42 U.S.C. §2000(e), et seq., makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of sex.

43. By its conduct as alleged herein, Defendant subjected Plaintiff to sex discrimination in violation of Title VII, in that Plaintiff was treated disparately on the basis of her sex, female.

44. Title VII, specifically, 42 U.S.C. §2000(e)(3), makes it unlawful for an employer to discriminate against any employee because she has opposed any unlawful employment practice or because she has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing pursuant to Title VII.

45. By its conduct as alleged herein, Defendant retaliated against Plaintiff for exercising her rights under Title VII and opposing and reporting an unlawful employment practice.

46. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's right to be free from sex discrimination and from impermissible retaliatory conduct.

47. As a result of Defendant's unlawful conduct, Plaintiff has lost wages and other benefits; incurred out-of-pocket medical expenses; has suffered financial hardship, emotional distress, embarrassment, and humiliation; has suffered loss of enjoyment of life, inconvenience, and non-pecuniary losses; and her career has been damaged.

48. Plaintiff demands to exercise her right to a jury trial of this matter.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant on Count I and that it:

a) Declare that Defendant's conduct was in violation of Title VII of the Civil Rights Act as amended;

b) Award Plaintiff the value of the compensation lost and benefits lost as a result of Defendant's unlawful conduct;

c) Order Defendant to reinstate Plaintiff to a position equal to or greater than her former position; or, in the alternative, award Plaintiff the value of compensation and benefits she will lose in the future as a result of Defendant's unlawful conduct;

d) Award Plaintiff damages for emotional distress and compensatory damages;

e) Award Plaintiff punitive damages;

f) Award Plaintiff reasonable attorney's fees, costs, and disbursements;

g) Enjoin Defendant and all officers, agents, employees, and all persons in active concert or participation with them from engaging in any unlawful employment practice;

h) Enjoin Defendant and all officers, agents, employees, and all persons in active concert or participation with them to institute and carry out all policies and practices to provide equal employment opportunities for all and to prevent discrimination and retaliation; and

i) Award Plaintiff any and all other relief as the Court deems just in the premises.

## COUNT II
## FAILURE TO ACCOMMODATE IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

49. Plaintiff realleges paragraphs 1 through 39 and incorporates them as if fully set forth herein.

50. Title I of the Americans with Disabilities Act, 42 U.S.C. §12101 et seq., as amended, makes it unlawful for an employer to fail to accommodate an employee's disability.

51. By its conduct as alleged herein, Defendant failed to accommodate Plaintiff's disabling medical condition.

52. Defendant's conduct toward Plaintiff illustrates a willful and/or reckless disregard of Plaintiff's rights to be free from impermissible disability discrimination.

53. As a result of Defendant's unlawful conduct, Plaintiff has lost wages and other benefits; incurred out-of-pocket medical expenses; has suffered financial hardship, emotional distress, embarrassment, and humiliation; has suffered loss of enjoyment of life, inconvenience, and non-pecuniary losses; and her career has been damaged.

54. Plaintiff demands to exercise her right to a jury trial of this matter.

**WHEREFORE**, Plaintiff respectfully requests that this Court find in her favor and against Defendant on Count II as follows:

a) Declare that Defendant's conduct was in violation of the Americans with Disabilities Act, as amended, and enjoin all officers, agents, employees, and all persons in active concert or participation with it from engaging in further unlawful conduct prohibited by the ADA;

b) Enjoin Defendant and all officers, agents, employees, and all persons in active concert or participation with it to institute and carry out all policies and practices to provide equal employment opportunities for all and to prevent discrimination;

c) Order Defendant to reinstate Plaintiff to a position equal to or greater than her former position; or, in the alternative, award Plaintiff the value of compensation and benefits she will lose in the future as a result of Defendant's unlawful conduct;

d) Award Plaintiff any applicable compensatory damages, including but not limited to the value of all past and future lost compensation and benefits as a result of Defendant's unlawful conduct, as well as for emotional distress;

e) Award Plaintiff pre-judgment interest and additional damages to offset the tax liability on the value of compensation and benefits lost, and which she will lose in the future, as a result of Defendant's unlawful conduct;

f) Award Plaintiff punitive damages;

g) Award Plaintiff reasonable attorney's fees, costs, and disbursements; and

h) Award Plaintiff any and all other relief as the Court deems just in the premises.

**COUNT III**
**DISCRIMINATION AND RETALIATION**
**IN VIOLATION OF THE AMERICANS WITH DISABILTIES ACT**

55. Plaintiff realleges Paragraph 1 through 39 and incorporates them as though fully set forth herein.

56. Title I of the Americans with Disabilities Act, specifically 42 U.S.C. §12101 et seq., makes it unlawful to discriminate against an employee on the basis of an employee's disability, because of a record of disability, or because the employer regards the employee as suffering from a disability.

57. Title I of the Americans with Disabilities Act, specifically 42 U.S.C. §12101 et seq., also makes it unlawful to retaliate against any employee who has asserted rights under, and/or opposed an unlawful employment practice under, the Act.

58. By its conduct as alleged herein, Defendant discriminated against Plaintiff, in that Defendant refused to allow Plaintiff to return to work with restrictions, placed her on unpaid medical leave, and then terminated her employment because of her disability, because Defendant was aware of Plaintiff's record of having a disability, and/or because Defendant further regarded Plaintiff as being disabled.

59. By its conduct as alleged herein, Defendant retaliated against Plaintiff, in that Defendant refused to allow Plaintiff to return to work with restrictions, placed her on unpaid

medical leave, and then terminated her employment because of her disability, and for asserting rights and/or opposing unlawful employment practices under the Act.

60. Defendant's conduct toward Plaintiff illustrates a willful and/or reckless disregard of Plaintiff's right to be free from impermissible disability discrimination.

61. As a result of Defendant's unlawful conduct, Plaintiff has lost wages and other benefits; incurred out-of-pocket medical expenses; has suffered financial hardship, emotional distress, embarrassment, and humiliation; has suffered loss of enjoyment of life, inconvenience, and non-pecuniary losses; and her career has been damaged.

62. Plaintiff demands to exercise her right to a jury trial of this matter.

**WHEREFORE**, Plaintiff respectfully requests that this Court find in her favor and against Defendant on Count III as follows:

a) Declare that Defendant's conduct was in violation of the Americans with Disabilities Act, as amended, and enjoin all officers, agents, employees, and all persons in active concert or participation with it from engaging in further unlawful conduct prohibited by the ADA;

b) Enjoin Defendant and all officers, agents, employees, and all persons in active concert or participation with it to institute and carry out all policies and practices to provide equal employment opportunities for all and to prevent discrimination;

c) Order Defendant to reinstate Plaintiff to a position equal to or greater than her former position; or, in the alternative, award Plaintiff the value of compensation and benefits she will lose in the future as a result of Defendant's unlawful conduct;

d) Award Plaintiff any applicable compensatory damages, including but not limited to the value of all past and future lost compensation and benefits as a result of Defendant's unlawful conduct, as well as for emotional distress;

e) Award Plaintiff pre-judgment interest and additional damages to offset the tax liability on the value of compensation and benefits lost, and which she will lose in the future, as a result of Defendant's unlawful conduct;

f) Award Plaintiff punitive damages;

g) Award Plaintiff reasonable attorney's fees, costs, and disbursements; and award Plaintiff any and all other relief as the Court deems just in the premises.

**COUNT IV**
**RETALIATORY DISCHARGE**

63. Plaintiff re-alleges paragraphs 1 through 39 and incorporates them as if fully set forth herein.

64. The State of Illinois has a clearly mandated public policy that prohibits any employer from engaging in any retaliatory or discriminatory conduct against an employee because of the exercise of rights under the Illinois Workers' Compensation Act.

65. Section 4(h) of the Illinois Workers' Compensation Act, 820 ILCS 305, et seq. provides in part that: "It shall be unlawful for any employer…to discharge or to threaten to discharge, or to refuse to rehire or recall to active service in a suitable capacity an employee because of the exercise of his or her rights or remedies granted to him or her by [the Illinois Worker's Compensation Act]." 820 ILCS 305/4(h)

66. By its conduct as alleged herein, Defendant has violated the clearly mandated public policy of the State of Illinois by acting in retaliation for Plaintiff's exercise of rights under the Illinois Workers' Compensation Act.

67. Defendant's conduct toward Plaintiff illustrated a willful and reckless disregard of Plaintiff's right to be free from impermissible retaliatory conduct.

68. As a result of Defendant's unlawful conduct, Plaintiff has lost wages and other benefits; incurred out-of-pocket medical expenses; has suffered financial hardship, emotional distress, embarrassment, and humiliation; has suffered loss of enjoyment of life, inconvenience, and non-pecuniary losses; and her career has been damaged.

69. Plaintiff demands to exercise her right to a jury trial of this matter.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant on Count IV and that it:

a) Declare that Defendant's actions constitute unlawful retaliatory discharge in violation of the Illinois Workers' Compensation Act;

b) Award Plaintiff the value of all lost compensation and benefits as a result of Defendant's unlawful conduct.

c) Award Plaintiff the value of compensation and benefits she will lose in the future as a result of Defendant's unlawful conduct;

d) Award Plaintiff any applicable compensatory and punitive damages;

e) Award Plaintiff any applicable reasonable attorney's fees, costs and disbursements;

f) Enjoin Defendant and all officers, agents, employees, and all persons in active concert or participation with them from engaging in any unlawful employment practice;

g) Enjoin Defendant and all officers, agents, employees, and all persons in active concert or participation with them to institute and carry out all policies and practices to provide equal employment opportunities for all and to prevent retaliation; and

h) Award Plaintiff any and all other relief as the Court deems just in the premises.

Respectfully submitted,
RHEA ROBINSON

s/ Katherine D. Ellis
Attorney for the Plaintiff

John P. Madden
Katherine D. Ellis
O'Malley & Madden, P.C.
542 So. Dearborn Street, Suite 660
Chicago, Illinois 60605
(312) 697-1382
kellis@ompc-law.com